IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD D. KING and JOHN MOSIER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-11-1036-R ) |
| PETE HOGAN, | ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiffs filed this action *pro se* alleging violation of their constitutional rights with regard to their conditions of confinement, specifically with regard to the denial of a kosher diet.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for preliminary review.  On March 20, 2012, Judge Argo issued a Report and Recommendation wherein he recommended that Plaintiffs' motion for default judgment be denied.  He further recommended that Plaintiffs be granted an additional thirty days in which to properly effect service on the Defendant and to serve the Cimarron Correctional Facility with the Court's prior Order Requiring Service and Special Report. Plaintiffs filed separate objections to the Report and Recommendation.  The Court will consider each objection in turn.

Plaintiff Mosier informed the Court on April 2, 2012, that he was in segregation and unable to access the law library.  He contends he is scheduled for transfer to another facility and that Defendant Hogan was properly served pursuant to Federal Rule of Civil Procedure 5.  Plaintiff complains the Court denied his request for appointment of a process server.

Plaintiff asks that the Court serve Defendant with the Order for Special Report on the facility and notes that he will be seeking to add Cimarron Correctional Facility as a Defendant in this case.

On April 11, 2012, Plaintiff Mosier and Plaintiff King filed an Objection to the Report and Recommendation, asserting that Defendant Hogan has been properly served with process in this action. Plaintiffs contend that Mr. Hogan was served via his employee Ms. Baker, a Food Service Supervisor who works for Mr. Hogan, because according to the April 2, 2012 objection, the complaint and summons were left with Ms. Baker. Plaintiffs also contend Mr. Hogan was mailed a copy of the summons with complaint. Plaintiffs argue that "abode" can be construed as a place of employment. Plaintiffs request that the Court effectuate service, by serving Defendant or his attorney by certified mail, return receipt requested and re-urge their request for default judgment.[1]

The Court notes at the outset that Plaintiffs have confused service under Rule 5, which permits broader methods of service, with service of process required under Rule 4. Rule 5 governs the service of other papers and pleadings filed after the original complaint. Service of the summons and complaint must be accomplished pursuant to Rule 4 of the Federal Rules of Civil Procedure. As noted by Judge Argo, Rule 4(e) permits a plaintiff to attempt service by following either federal or state law regarding service of process. Both permit service upon the Defendant personally, by leaving it at a defendant's home with a person of suitable age, or by delivering a copy to an agent authorized to receive service. Delivery of the

---

[1] The Court notes the inconsistency of these requests.

summons and complaint to Ms. Baker was not appropriate in the absence of evidence that she was authorized to receive process on behalf of Mr. Hogan. Despite Plaintiffs' arguments to the contrary, the place of employment is not the Defendant's abode.

The Report and Recommendation correctly sets forth and analyzes the law regarding service of process. Plaintiffs have failed to adequately serve process on the Defendant, and therefore, are not entitled to default judgment. Furthermore, the Court is not permitted to execute service on behalf of the Plaintiffs. As noted by Judge Argo in a prior order, Plaintiffs may utilize any non-party to properly effectuate service, and any such person does not require appointment by the Court. In short, as concluded by Judge Argo, Plaintiffs have not effectuated proper service and therefore are not entitled to default against Defendant Hogan.

The Court finds, however, that Plaintiffs should be given additional time in which to properly effectuate service. Accordingly, the Court hereby orders Plaintiffs to properly serve Defendant with a summons and complaint within sixty days of entry of this order and to provide the Court with proof of such service. Plaintiffs shall also serve Judge Argo's September 30, 2011 Order Requiring Service and Special Report on the Cimarron Correctional Facility within sixty days. The Report and Recommendation is hereby ADOPTED in its ENTIRETY, and Plaintiffs' Motion for Default is DENIED.

IT IS SO ORDERED this 16th day of April, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE