IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD D. KING and )
JOHN MOSIER, )
)
       Plaintiffs, )
)
v. )   Case No. CIV-11-1036-R
)
PETER HOGAN, )
)
       Defendant.[1] )

### Report and Recommendation

Federal Rule of Civil Procedure 4(m) gives the plaintiffs 120 days from the filing of the complaint to effect service. The complaint was filed on September 16, 2011. Thus, the 120-day period ended on January 14, 2012. The plaintiffs have already had the benefit of an extension of time. That extension has run out, and still Mr. King and Mr. Mosier have failed to effect timely service. Accordingly, the Court should dismiss the action without prejudice to refiling.

The Court has made Mr. King and Mr. Mosier aware of the service deadline. For example, on September 30, 2011, the Court ordered the Plaintiffs to serve the defendant.[2] Someone purported to serve Mr. Hogan by leaving the summons and complaint with an

---

[1]    In the caption of the complaint, the Plaintiffs identify the defendants as "Peter Hogan, et al." But Mr. Hogan is the only defendant identified in the caption or body of the document.

[2]    Order Requiring Service and Special Report at p. 2 No. 7 (Sept. 30, 2011).

individual named "Ms. Baker."[3]  Months later, a magistrate judge stated that the Plaintiffs had not effected valid service.[4]  Less than a month later, the assigned district judge agreed and reminded Mr. King and Mr. Mosier that they had not effected valid service on the defendant.[5]

The Plaintiffs have also obtained extra time to effect service.  As noted above, the 120-day period expired on January 14, 2012.[6]  And on April 16, 2012, the Court gave the Plaintiffs until June 15, 2012, to file proof of service.[7]  That extension ran out 60 days ago.

The Court has also taken steps to ensure that the Plaintiffs knew how to serve Mr. Hogan, the sole defendant.  When Mr. King asked for appointment of a named individual as a process-server, the Court pointed out that any non-party could effect service without an appointment.[8]  And, when Mr. King mailed another order, the Court pointed out that service had to be carried out by a third-party.[9]  When the Plaintiffs' designee delivered the summons and complaint to another prison employee, the Court reminded Mr. King and Mr. Mosier that

---

[3]     Proof of Service (filed Dec. 9, 2011).

[4]     Report and Recommendation at p. 3 & note 1 (Mar. 20, 2012) (proposed findings and conclusions by magistrate judge).

[5]     Order at p. 2 (Apr. 16, 2012).

[6]     *See supra* p. 1.

[7]     Order at p. 3 (Apr. 16, 2012).

[8]     Order at p. 3 (Apr. 16, 2012).

[9]     Report and Recommendation at p. 3 & note 1 (Mar. 20, 2012) (proposed findings and conclusions by magistrate judge).

the process-server had to give the documents to Mr. Hogan rather than another prison employee.[10]

With expiration of the 120-day deadline almost seven months ago, the passage of another extension of time without further action, and the reminders about the mechanics of service, the Court has provided Messrs. King and Mosier extra opportunities to comply with the rules. Still they have not done so. In these circumstances, the action should be dismissed without prejudice.[11]

The Plaintiffs are advised of their right to object to this report and recommendation by August 31, 2012.[12] If the Plaintiffs do object, they must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Plaintiffs are further advised that if they do not timely object, they would waive their right to appellate review over the suggested ruling.[13]

This report discharges the referral.

Entered this 14th day of August, 2012.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[10]   Report and Recommendation at pp. 2-3 (Mar. 20, 2012) (proposed findings and conclusions by magistrate judge); *see supra* p. 2 & note 4.

[11]   *See* Fed. R. Civ. P. 4(m); *see also supra* p. 1.

[12]   *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[13]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).